```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

James Mobley,                     :

     Plaintiff,                 :

  v.                              :     Case No. 2:11-cv-186

Director Gary C. Mohr,            :     JUDGE ALGENON L. MARBLEY
                                        Magistrate Judge Kemp
     Defendant.                 :

<u>REPORT AND RECOMMENDATION</u>

    Plaintiff, James Mobley, a state prisoner confined at the Madison Correctional Institution, has filed a civil complaint and has paid the full filing fee. Notwithstanding the payment of the fee, the Court is required by statute (28 U.S.C. §1915(e)(2), §1915A) to screen the complaint before service of process occurs to determine if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or states a claim against a person who is immune from suit. <u>See McGore v. Wrigglesworth</u>, 114 F.3d 601, 608 (6th Cir. 1997) ("A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners"). For the following reasons, the Court recommends that the case be dismissed.

                                        I.

    Mr. Mobley's complaint consists of a form complaint plus approximately fifty pages of attachments. The only defendant who is listed by name is Gary Mohr, the Director of the Ohio Department of Rehabilitation and Correction. Other defendants are listed as "Staff under the direct supervision of the director

Gary C. Mohr of the State of Ohio D.R. & C. (L.O.C.I., MaCI)."

The form complaint does not identify any specific cause of action. Rather, it requests the Court "to view all documents and determine if of [sic] the documents shows any violation ...." The documents consist mostly of grievances which Mr. Mobley filed about his treatment while in isolation, including a number of times when he was unable to turn off the lights in his cell. They also include one appeal of a Rules Infraction Board conviction to Director Mohr, who affirmed the conviction. It appears that the conviction was for violations of two prison rules, although the paperwork attached to the complaint does not state the substance either of those rules or what Mr. Mobley allegedly did to violate them. Mr. Mobley's exhibits show that the conviction was upheld both by the warden of Mr. Mobley's institution and by Director Mohr.

## II.

The Court must now determine if this complaint states any claims upon which relief can be granted. The standard for making this determination is as follows.

A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Pro se complaints are to be construed liberally in favor of the pro se party. See Haines v. Kerner, 404 U.S. 519 (1972). However, the Court must scrutinize all complaints, whether as part of an initial screening or in the context of a motion to dismiss filed under Fed.R.Civ.P. 12(b)(6), to determine which allegations are factual and which are simply recitations of legal conclusions unsupported by facts, and it need not construe mere legal conclusions as supporting a legal claim if there are no facts from which relief on that claim would be plausibly

available.  See Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

    Here, the only defendant named in the complaint is Director Mohr, and the only action attributed to him is the affirmance of an R.I.B. conviction.  The complaint does not identify the conduct which led to the conviction, nor does it state what constitutional rights Mr. Mobley believes to have been violated by his conviction.  It also fails to state what punishment he received.

    Clearly, this complaint does not state a claim against Director Mohr concerning the RIB appeal upon which relief could be granted.  The law is clear that a defendant can be held liable under 42 U.S.C. §1983 for violating an inmate's due process rights in connection with prison discipline only if that discipline imposes an "atypical and significant hardship" on that prisoner in relation to the "ordinary incidents of prison life."  See Thomas v. Bush, 187 F.3d 638, *2 (6th Cir. June 14, 1999)(unpublished), quoting Sandin V. Conner, 515 U.S. 472, 484 (1995).  Mr. Mobley's complaint contains no allegations from which the Court could conclude that whatever punishment he received from the RIB conviction about which he complains was the type of hardship which has due process implications, and, under the reasoning in Thomas, which the Court finds persuasive, the absence of these allegations prevents the complaint from stating a valid due process claim.  In other words, the complaint simply lacks enough facts to make it plausible that Mr. Mobley could recover against Director Mohr on a due process theory, or, for that matter, any other constitutional theory as it relates to the RIB conviction.

    Second, the Court declines Mr. Mobley's invitation to sift through his informal complaints and formal grievances in an effort to locate a constitutional claim.  Although federal pleadings standards are not particularly rigid, they do require,

-3-

at a minimum, a "short and plain statement of the claim showing the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Where a complaint cites to no particular law and recites no particular facts which allegedly constitute a cause of action, but instead invites the Court to glean those facts from a collection of documents, the Court is within its rights to dismiss the complaint. See, e.g., Mays v. Sundquist, 103 F.3d 130, *1 (6th Cir. 1996)(unreported)(court properly dismissed complaint which "asked the federal courts to review all amendments to the state's sentencing laws which were passed between 1970 and 1995" because such a complaint is too vague"). Even if the Court were to find some violation hidden among the various attachments to Mr. Mobley's complaint, the named defendant, Director Mohr, could not be held liable for any claimed constitutional deprivation because it does not appear that he was directly involved in any of the matters addressed in those grievances.  Under §1983, absent direct personal involvement in an alleged constitutional deprivation, a state official cannot be held liable. Monell v. Department of Social Services, 436 U.S. 658 (1978); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).

III.

For all of the reasons stated above, it is recommended that this action be dismissed under 28 U.S.C. §§1915(e)(2) and 1915A for failure to state a claim upon which relief can be granted.

IV.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge

of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge