```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

James Mobley,                    :

      Plaintiff,             :

  v.                             :       Case No. 2:11-cv-186

Director Gary C. Mohr,           :       JUDGE ALGENON L. MARBLEY
                                          Magistrate Judge Kemp
      Defendant.            :

## OPINION AND ORDER

This matter is before the Court for the screening of the civil complaint filed by plaintiff, James Mobley, a state prisoner confined at the Madison Correctional Institution. Although Mr. Mobley has paid the filing fee in full, the Court is required by statute (28 U.S.C. §1915(e)(2), §1915A) to screen the complaint before service of process occurs to determine if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or states a claim against a person who is immune from suit. See McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997) ("A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners").

On March 16, 2011, the Magistrate Judge issued a Report and Recommendation (#4) which recommended that this action be dismissed under 28 U.S.C. 1915(e)(2) and 1915A for failure to state a claim upon which relief can be granted. On April 20, 2011, Mr. Mobley filed an objection to the Report and Recommendation.  Also, since the filing of the Report and Recommendation, Mr. Mobley has filed thirteen "Motion[s] to Enter

Additional Attachments." On August 8, 2011, Mr. Mobley filed a "Motion for Ruling by District Judge in 1983 Civil Complaint." For the following reasons, the Court will overrule Mr. Mobley's objection (#8) and adopt the Report and Recommendation in its entirety. Further, Mr. Mobley's various motions will be denied.

## I. Standard of Review

When objections are received to a report and recommendation on a dispositive matter, the District Judge "must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions." Id.; see also 28 U.S.C. §636(b)(1)(C).

## II. The Report and Recommendation

As explained by the Magistrate Judge in the Report and Recommendation, Mr. Mobley filed a form complaint with approximately fifty pages of attachments. Mr. Mobley specifically named as a defendant only Gary Mohr, the Director of the Ohio Department of Rehabilitation and Correction and listed other defendants as "Staff under the direct supervision of the director Gary C. Mohr of the State of Ohio D.R. & C. (L.O.C.I., MaCI)." Mr. Mobley did not set forth any specific cause of action in his form complaint but requested that the Court "view all documents and determine if of [sic] the documents shows any violation ...." The Magistrate Judge reviewed the documents attached to the form complaint and described them as follows:

> The documents consist mostly of grievances which Mr. Mobley filed about his treatment while in isolation, including a number of times when he was unable to turn off the lights in his cell. They also include one appeal of a Rules Infraction Board conviction to Director Mohr, who affirmed the conviction. It appears that the conviction was for violations of two prison

>      rules, although the paperwork attached to the complaint
>      does not state the substance either of those rules or
>      what Mr. Mobley allegedly did to violate them.  Mr.
>      Mobley's exhibits show that the conviction was upheld
>      both by the warden of Mr. Mobley's institution and by
>      Director Mohr.

Construing Mr. Mobley's pro se complaint liberally and considering it under the standards set forth in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007) and <u>See Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009), the Magistrate Judge concluded that a claim upon which relief could be granted had not been stated against Director Mohr.  The Magistrate Judge found that the only conduct attributable to Director Mohr was the affirmance of Mr. Mobley's RIB conviction.  Although the Magistrate Judge recognized that, under <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), a defendant can be held liable under 42 U.S.C. §1983 for violating an inmate's due process rights in connection with prison discipline if that discipline imposes an "atypical and significant hardship," he noted that Mr. Mobley had failed to identify any circumstances surrounding the RIB appeal which might indicate a due process violation.  For example, the Magistrate Judge noted that Mr. Mobley failed to include any allegations relating to the conduct leading to the conviction, the constitutional rights violated, or the punishment he received.  Absent any such allegations, the Magistrate Judge concluded that Mr. Mobley had failed to provide enough facts to support a claim for recovery from Mr. Mohr on a due process or other constitutional theory relating to the RIB conviction.

The Magistrate Judge also declined Mr. Mobley's invitation to examine his numerous documents in order to locate a constitutional claim, relying on both Fed.R.Civ.P. 8(a)(2) and <u>Mays v. Sundquist</u>, 103 F.3d 130 (6th Cir. 1996) (unreported)(court properly dismissed complaint which "asked the

federal courts to review all amendments to the state's sentencing laws which were passed between 1970 and 1995" because such a complaint is too vague"). Moreover, the Magistrate Judge, citing to <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978) and <u>Bellamy v. Bradley</u>, 729 F.2d 416, 421 (6th Cir. 1984), held that, even if the attachments to Mr. Mobley's complaint included information suggesting a constitutional violation, Director Mohr could not be held liable because it did not appear that he was directly involved in the matters addressed by those grievances.

III.  <u>Mr. Mobley' Objection and Other Filings</u>

Mr. Mobley's objection to the Report and Recommendation is a one-page, hand-written document which states, in its entirety:

> Plaintiff comes before this Honorable Court with this motion to object to the Report and Recommendations of Magistrate Judge Terrence P Kemp.  Plaintiff request this Honorable Court to review the case above. Plaintiff has been placed in segregation of violating false institution rules on 17 Apr 11.  Plaintiff will forward additional attachments to this Honorable Court when Plaintiff is released of segregation of this 3rd time here a Madison Correction Institution and 9th time overall since mid-April 2010.

Prior to filing his objection, Mr. Mobley filed two "motions to enter additional attachments" (##6 and 7) and after filing his objection he filed eleven more such motions. (##10-13, 15-19, and 21).  Taken together, these "motions," with attachments, total 188 pages.  Nowhere in any of his "motions" nor in the attachments does Mr. Mobley address any portion of the Report and Recommendation.  Instead, these motions appear to be an attempt by Mr. Mobley to submit more information to the Court of the same nature as the information attached to the complaint and reviewed by the Magistrate Judge.

The final motion filed by Mr. Mobley is a "motion for ruling by a District Judge in 1983 Civil Complaint" (#22).  As with his other filings, nowhere in this motion does Mr. Mobley address any

portion of the Report and Recommendation.  Rather, through this motion, Mr. Mobley seeks judgment in his favor because the defendants have failed to respond to his complaint.

### IV. Analyis

While objections to a report and recommendation are reviewed de novo, "[o]verly general objections do not satisfy the objection requirement." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006); see also Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir. 1991) ("[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object.")  Rather, "[t]he objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  Objections that merely dispute the magistrate judge's recommendation but do not set forth specific findings believed to have been made in error are considered too general. Spencer, 449 F.3d at 725. Further, "the failure to file specific objections to a magistrate's report constitutes a waiver of those objections." Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004).

Here, at best, Mr. Mobley's objection can be characterized as a general objection to the entirety of the Magistrate Judge's Report and Recommendation.  The objection itself does not address any specific portion of the Magistrate Judge's decision and, although, it suggests that Mr. Mobley may be intending to provide additional information, the voluminous additional information provided also does not address any portion of that decision.  As such, it fails to meet the objection requirement and has the same effect as a failure to object. See Spencer, supra; Howard, supra; see also Thomas v. Arn, 474 U.S. 140, 149 (1985) (failure to specifically object to any portion of the Magistrate Judge's Report and Recommendation constitutes a waiver of the right to

-5-

object.)  Consequently, the Court need not conduct a de novo review of any portion of the Magistrate Judge's decision and will affirm the Report and Recommendation in its entirety.  See Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986)(per curiam)(the district court need not provide de novo review where objections are too general because the burden is on the parties to identify the portions of the report and recommendation for specific consideration).

With respect to Mr. Mobley's thirteen motions to include additional attachments, he does not state specifically the relief he is requesting by filing them.  He does make the general statement in many of them that he requests the Court to "view" and "consider" the information in this case.  To the extent that Mr. Mobley may be attempting to amend his complaint, because he is a prisoner whose complaint is subject to the initial screening required by 28 U.S.C. § 1915A, no amendments to the complaint are permitted in order to cure pleading deficiencies which are revealed by that screening. From its earliest interpretation of the PLRA, the Court of Appeals has said as much.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997).  That rule has been consistently followed.  See, e.g., Reagan v. Hull, 99 Fed. Appx. 734, *1 (6th Cir. June 3, 2004) ("Since [the] complaint failed to state a claim for relief at the moment of filing, the dismissal of the complaint prior to amendment was appropriate"); Napier v. Kerns, 2009 WL 464453, *3 (S.D. Ohio February 23, 2009) ("the Court [does not] have discretion to permit plaintiff to amend his complaint to avoid sua sponte dismissal").  Consequently, the Court cannot consider the information in the additional attachments as Mr. Mobley requests and his thirteen motions will be denied.  It is only the adequacy of the initial complaint which is at issue here.  The Court, like the Magistrate Judge, finds that complaint inadequate.

Therefore, dismissal is appropriate.  See Brown v. Mason, Case No. 2:10-cv-783, 2011 WL 1703974 (S.D. Ohio May 4, 2011); Brown v. Hurwood, Case No. 2:10-cv-880, 2011 WL 63591 (S.D. Ohio January 6, 2011).

Finally, in his motion for "a ruling by a district judge," Mr. Mobley states that the defendants were served with the complaint on March 18, 2011, and have not responded.  Based on these statements, Mr. Mobley appears to be requesting that a default judgment be entered against the defendants for their failure to respond to the complaint.  A default judgment cannot be entered prior to an entry of default.  Fed.R.Civ.P. 55(a) permits an entry of default "[w]hen a party against whom affirmative relief is sought has failed to plead or otherwise defend."  Because in screening this case the Magistrate Judge recommended that Mr. Mobley's complaint be dismissed, defendants have not been served with the complaint.  Therefore, they have not been required to plead or otherwise defend in response to Mr. Mobley's complaint.  As a result, they are not in default.  Consequently, the motion for a ruling by a district judge will be denied.

### III.

For all of the reasons stated above, the Court overrules plaintiff's objection and ADOPTS the Report and Recommendation (#4) in its entirety.  This case is DISMISSED pursuant to 28 U.S.C. 1915(e)(2) and 1915A for failure to state a claim upon which relief can be granted.  Plaintiff's remaining motions (## 6,7, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 21 and 22) are DENIED.  The Clerk is directed to send a copy of the complaint and this order to the defendant.

IT IS SO ORDERED.

                                        s/Algenon L. Marbley
                                        Algenon L. Marbley
                                        United States District Judge